IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SARAH LINDSEY,<br><br>  Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | Civil Case No. 16-cv-878-JPG<br><br>Crim. Case No. 14-cr-40034-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Sarah Lindsey's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). A response from the Government is not required by the Court. For the following reasons, the Court denies Lindsey's motion.

**I.   Background**

On September 17, 2014, Lindsey pled guilty to one count of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a) and 846. *See United States v. Lindsey*, Case No. 14-cr-40034-JPG (Doc. 25, 14-cr-40034-JPG). On March 3, 2015, the Court sentenced Lindsey to 110 months of imprisonment (120 months with 10 months' credit), 3 years on supervised release, a $100 special assessment, and a $100 fine[1] (Doc. 43, 14-cr-40034-JPG). The Court found that there were no aggravating or mitigating role adjustments (Doc. 38, 14-cr-40034-JPG).

The sole argument in petitioner's § 2255 motion is that United States Sentencing Guideline Manual ("U.S.S.G.") Amendment 794, which became effective November 1, 2015,

---

[1] The 2014 United States Sentencing Guidelines, incorporating all guideline amendments, were used to calculate defendant's offense level and recommended sentencing range.

and amended the commentary and notes to U.S.S.G. § 3B1.2 regarding the mitigating role reduction, should be applied retroactively to reduce her sentence.

**II.     Analysis**

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if, "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009). No evidentiary hearing has been conducted in this matter as the records and files clearly demonstrate that the petitioner is not entitled to any relief.

Amendment 794 to the United States Sentencing Guidelines became effective on November 1, 2015. Although Amendment 794 has been applied retroactively on direct appeal, it has not been held retroactive on collateral review. *See* U.S.S.G. § 1B1.10(d) (listing retroactive amendments); *United States v. Quintero-Leyva*, 823 F.3d 519, 521 n. 1 (9th Cir. 2016) (holding that Amendment 794 applies retroactively in direct appeals, but declining to determine whether "a defendant who has exhausted his direct appeal can move to reopen sentencing proceedings"). The petitioner has not cited to any controlling case law that Amendment 794 applies retroactively on collateral review. As Amendment 794 is not retroactive on collateral review, it

cannot provide a basis for relief under § 2255.[2] The Court properly used the sentencing guideline manual in effect on the date of the petitioner's sentencing with regard to the petitioner's participation in the offense. See U.S.S.G. § 1B1.11.

### III. Certificate of Appealability

Having denied the petitioner's motion, the Court must grant or deny a certificate of appealability. See Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2253(c). Section 2253(c)(2) provides that a certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. The petitioner has made no such showing. Therefore, the Court declines to issue a certificate of appealability. Pursuant to Rule 11(a), the petitioner may not appeal the denial of a certificate of appealability, but she may seek a certificate from the Court of Appeals for the Seventh Circuit.

### IV. Conclusion

Based on the above, this Court:

- **DENIES** the petitioner's § 2255 motion (Doc. 1);
- **DISMISSES** this action;
- **DECLINES** to issue a certificate of appealability; and
- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: January 23, 2017**

　　　　　　　　　　　　　　　　　　　s/ J. Phil Gilbert
　　　　　　　　　　　　　　　　　　　**J. PHIL GILBERT**
　　　　　　　　　　　　　　　　　　　**DISTRICT JUDGE**

---

[2] Should Amendment 794 become applicable on collateral review and have the effect of lowering the petitioner's sentencing guideline range, she may seek a reduction under 18 U.S.C. § 3582(c)(2).